UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MEDECOR PHARMA LLC, and
BRADLEY SANDERS

VERSUS

FLEMING PHARMACEUTICALS,
INC.

CIVIL ACTION

NO. 12-291-JJB-RLB

**RULING ON MOTION FOR RECONSIDERATION OR INTERLOCUTORY APPEAL**

This matter is before the Court on the Plaintiffs Medecor Pharma, LLC, and Bradley Sanders' Motion (doc. 90) for Reconsideration of Order Granting Partial Summary Judgment or, in the Alternative, to Certify the Orders for Interlocutory Appeal. There is no need for oral argument. Jurisdiction is based upon 28 U.S.C. § 1332.

On January 6, 2014, this Court issued its ruling partially granting the defendant's motion for summary judgment, specifically as to the plaintiffs' claim that the defendant breached a contract—the "Summary of Principal Terms" document—through the defendant's sale of assets and technology to Valeant Pharmaceuticals International, Inc. (Doc. 88). In that same ruling, the Court denied the plaintiffs' motion for summary judgment. *Id.* Subsequently, the plaintiffs filed the pending motion, asking this Court to reconsider its prior ruling, or in the alternative, asking the Court to certify its prior ruling for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Doc. 90).

Rule 54(b) of the Federal Rules of Civil Procedure provides that:

[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

1

Fed. Rule Civ. P. 54(b). A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

After review, this Court does not find a substantial reason to reconsider its prior ruling. The plaintiffs have not presented any new evidence or law tending to show that the prior ruling was incorrect. Instead, the plaintiffs reurge the same arguments that the Court previously rejected. Additionally, the Court acknowledges that it did not specifically address the plaintiffs' confirmation/ratification arguments in its prior ruling, but those concepts are inapplicable to the situation at hand and do not constitute "substantial grounds" for reconsideration. Louisiana Civil Code article 2031 provides the following:

> A contract is relatively null when it violates a rule intended for the protection of private parties, as when a party lacked capacity or did not give free consent at the time the contract was made. **A contract that is only relatively null may be confirmed.**
>
> Relative nullity may be invoked only by those persons for whose interest the ground for nullity was established, and may not be declared by the court on its own initiative.

2

La. Civ. Code art. 2031 (emphasis added). The present matter does not concern a relatively-null contract or other document that needs to be confirmed by a party. This is also not an "unauthorized contract of an agent" as in the *Fontenot* case, as both principal parties—Medecor and Fleming—signed the "Summary of Principal Terms" document. Instead, the "Summary of Principal Terms" document is a non-binding term sheet because the parties actually agreed to such through their explicit, unambiguous language. It is not a document that can be either ratified or confirmed under Louisiana law.

Furthermore, the plaintiffs cite to Louisiana Civil Code article 2053 to support their argument "that the parties by their actions modified the Summary of Principal Terms document into a legal contract." (Doc. 90-1, p. 6). Article 2053 provides that "[a] doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties." La. Civ. Code art. 2053. First and foremost, there was no relevant binding contract. In addition, there is no doubt inherent in the non-binding provision of the term sheet, which states that "[w]ith the exception of the confidentiality provision below, this is a **non-binding term sheet for discussion purposes only** and **neither party shall be bound by any other provision of this term sheet** unless and until the parties execute a definitive agreement, signed by an authorized officer of each party." (Doc. 62-7, p. 3) (emphasis added). Therefore, based on the foregoing, the Court will not reconsider its prior ruling.

In the alternative, the plaintiffs ask the Court to certify the ruling for interlocutory appeal. To certify a ruling for interlocutory appeal, "the Court must find that the interlocutory decision (1) involves a controlling question of law as to which (2) there is a substantial ground for difference of opinion and (3) that an immediate appeal from the order may materially advance

3

the ultimate termination of the litigation." *Louisiana Generating, LLC v. Illinois Union Ins. Co.*, 2012 WL 1752685, at *1 (M.D. La. May 16, 2012). The plaintiffs assert that there are two controlling questions of law: "(1) whether a term sheet with a 'non-binding' clause may be later modified by the parties actions as a legally binding contract, and (2) whether a term sheet with a 'non-binding' clause may be later ratified by a party's actions as a legally binding contract." (Doc. 90-1, p. 9). As to the first question, the Court finds that there is no controlling question of law. This Court has never said that a similar term sheet cannot be modified by a party's subsequent actions. Instead, the Court in its ruling stated that the evidence of any alleged subsequent actions did "not override the fact that the term sheet" contained an explicitly non-binding provision. At no point did the Court state that subsequent actions could never modify a similar document containing an explicitly non-binding clause; only that the evidence in this case, even in the light most favorable to the plaintiffs, was not sufficient to overcome the non-binding clause. As is apparent, there is no controlling question of law on this point. Instead, it is merely a factual issue.

Turning to the second question of law put forth by the plaintiffs, the Court finds that the plaintiffs have failed to show that there is a substantial ground for a difference of opinion. As the Court mentioned previously, to apply the concept of confirmation/ratification to this case would be a misapplication of Louisiana law. To support their position, the plaintiffs cite to prior Louisiana cases involving a wholly disparate factual scenario, a relatively null contract that was confirmed under Louisiana Civil Code article 2031, and an unauthorized contract of an agent. *See Town of Mamou v. Fontenot*, 756 So. 2d 719 (La. Ct. App. 2000); *D'Hemecourt v. Schwegmann Giant Supermarkets*, 2003 WL 262497 (E.D. La. Feb. 4, 2003); *Meaghan Frances Hardcastle Trust v. Fleur De Paris, Ltd.*, 917 So. 2d 448 (La. Ct. App. 2005). This case does not

4

concern any of those situations. Accordingly, the Court finds that it has not been shown that there is a substantial ground for a difference of opinion on the matter. Furthermore, the Court finds that immediate appeal as to this matter would not materially advance the ultimate termination of this litigation. Accordingly, based on the forgoing and the Court's review of the record, the Court does not find sufficient grounds to justify certifying the prior ruling for interlocutory appeal.

Therefore, the Court **DENIES** the Plaintiffs Medecor Pharma, LLC, and Bradley Sanders' Motion (doc. 90) for Reconsideration of Order Granting Partial Summary Judgment or, in the Alternative, to Certify the Orders for Interlocutory Appeal.

Signed in Baton Rouge, Louisiana, on February 3, 2014.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**