UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MEDECOR PHARMA LLC, and
BRADLEY SANDERS

VERSUS

FLEMING PHARMACEUTICALS,
INC.

CIVIL ACTION

NO. 12-291-JJB-RLB

**RULING ON MOTION FOR RECONSIDERATION**

This matter is before the Court on the Defendant Fleming and Company, Pharmaceuticals' ("Fleming") Motion (doc. 97) for Reconsideration. The defendant asks this Court to reconsider "the portion of its Ruling on Motions for Summary Judgment which denied Fleming's Motion for Summary Judgment against Plaintiffs Medecor Pharma LLC . . . and Bradley Sanders . . . on the issue of Plaintiffs' claim that Fleming breached the Confidentiality Information and Non-Disclosure Agreement." (Doc. 97-1, p. 1). The plaintiffs oppose the motion. (Doc. 100).

>Rule 54(b) of the Federal Rules of Civil Procedure provides that:
>
>[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. Rule Civ. P. 54(b). A Court retains jurisdiction over all claims in a suit and may alter its earlier decisions until a final judgment has been issued. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 475 (M.D. La. 2002). "District courts have considerable discretion in deciding whether to reconsider an interlocutory order." *Keys v. Dean Morris, LLP*, 2013 WL 2387768, at *1 (M.D. La. May 30, 2013). "Although courts are concerned with principles of finality and judicial economy, 'the ultimate responsibility of the

1

federal courts, at all levels, is to reach the correct judgment under law.'" *Id.* (quoting *Georgia Pacific, LLC v. Heavy Machines, Inc.*, 2010 WL 2026670, at *2 (M.D. La. May 20, 2010)). Nevertheless, "rulings should only be reconsidered where the moving party has presented substantial reasons for reconsideration." *Louisiana v. Sprint Communications Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995).

> In the previous ruling, this Court stated the following:
>
> Accordingly, the Non-Disclosure Agreement provides that written information can be made confidential through being "marked on its face as confidential by the disclosing party." As mentioned above, Fleming disclosed the term sheet to Valeant in the course of their negotiations. Nevertheless, Fleming avers that it did not divulge to Valeant any information that was disclosed pursuant to the Non-Disclosure Agreement. However, the plaintiffs point out that the term sheet is identified as "CONFIDENTIAL" on its face, and thus, is subject to the Non-Disclosure Agreement's provisions. (See doc. 62-7, p. 2; doc. 78-1, p. 3). Nonetheless, there is ambiguity and uncertainty regarding who marked the form as confidential. The Non-Disclosure Agreement requires the "disclosing party" to mark the item as confidential, at which point the "receiving party" is bound to keep it confidential. However, the agreement does not bind the disclosing party to keep the item confidential; only the receiving party has this obligation. Based on the evidence, there is no indication who marked the term sheet as confidential, and which party would be the "disclosing party" and which would be the "receiving party." This distinction is relevant regarding whether Fleming's disclosure violated the provisions of the Non-Disclosure Agreement. Accordingly, there are sufficient issues of material fact such that summary judgment would be inappropriate at the present time.

(Doc. 88, p. 10). Presently, in its motion for reconsideration, Fleming supplements the record with the declaration of George Love. (Doc. 97-3). Mr. Love was "General Counsel and Vice-President of Regulatory Affairs of Fleming and Company, Pharmaceuticals." (Doc. 97-3, p. 2). In the declaration, Mr. Love states that he drafted the entire "Summary of Principal Terms" document and included the "CONFIDENTIAL" designation.

Nevertheless, upon further consideration, the Court still cannot find that there is no genuine issue of material fact as to the plaintiffs' breach of contract claim. In light of the

2

arguments made by both parties and evidence presented, the Court cannot designate with certainty the "disclosing party" for all of the information contained within the term sheet, as contemplated by the Non-Disclosure Agreement. While the defendant apparently affixed the "CONFIDENTIAL" heading to the term sheet, both parties signed the sheet, which included a separate clause specifically making the term sheet confidential. Furthermore, it appears that some information contained in the term sheet had previously been designated as "confidential" pursuant to the Non-Disclosure Agreement, or at least was contained in documents that had previously been marked as confidential. (*See* doc. 97-1, p. 3 n.1). Thus, Fleming possibly breached its obligation by disclosing the term sheet, and thereby, disclosing the previously-identified "confidential" information. (*See* doc. 23-6, p. 2, ¶ 3; doc. 97-1, p. 3 n.1). Additionally, the Court is uncertain whether the term sheet even falls within the documents or information that can be made "confidential" pursuant to Paragraph 1 of the Non-Disclosure Agreement, as the term sheet seemingly differs from the listed examples of information that can be made confidential pursuant to the Non-Disclosure Agreement. (Doc. 23-6, p. 2, ¶ 1). Based on all of these considerations, the Court is still unable to find that there is no genuine issue of material fact as to the plaintiffs' claim that Fleming breached the Non-Disclosure Agreement by disclosing the term sheet to Valeant.

      Accordingly, the Court **DENIES** the Defendant Fleming and Company, Pharmaceuticals' Motion (doc. 97) for Reconsideration. Additionally, the Clerk of Court's office shall terminate Document 96, as it is duplicative of Document 97.

      Signed in Baton Rouge, Louisiana, on April 1, 2014.

      **JUDGE JAMES J. BRADY**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**