UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MEDECOR PHARMA LLC, and
BRADLEY SANDERS

CIVIL ACTION

VERSUS

NO. 12-291-JJB-RLB

FLEMING PHARMACEUTICALS,
INC.

### RULING ON MOTIONS IN LIMINE

This matter is before the Court on the following motions: (1) Motion [doc. 64] in Limine to Exclude Plaintiffs' Expert Ken Sobel; (2) Motion [doc. 65] in Limine to Exclude Plaintiffs' Expert Melody Matthews; and (3) Motion [doc. 68] in Limine to Exclude the Opinion of Defendant's Experts. At the status conference held on February 12, 2014, the Court ordered the plaintiffs to "brief the issue of whether the expert testimony is relevant to the remaining issues for trial," in light of this Court's ruling on the motions in summary judgment. (Doc. 93). The plaintiffs timely filed their memorandum, and the defendant filed an opposition. (Docs. 98 & 101).

In paragraph 7 of the "Confidential Information Non-Disclosure Agreement" ("the NDA"), the parties provided that:

> Each party expressly acknowledges that breach of its obligations under this Agreement would cause irreparable injury to the disclosing party and that money damages would not be a sufficient remedy. Consequently, as a remedy for breach by the receiving party, the disclosing party shall be entitled to seek specific performance and injunctive relief, as well as other remedies available at law or equity.

(Doc. 62-5, p. 4). The plaintiffs contend that the NDA's specific-performance provision relates to the parties' contemplated business relationship, as opposed to the defendant's contention that this provision only allows for specific performance of the NDA itself. (Doc. 105, p. 5). Because

1

the NDA provides for specific performance and other remedies available in law or equity, and because "specific performance has been frustrated due to the defendant's sale of the sought after license," the plaintiffs assert that this Court has the power to assess monetary damages, which includes lost profits from the proposed business relationship. (*See* doc. 105, p. 1). As the confidentiality provision in the "Summary of Principal Terms" document does not contain a similar specific-performance provision, the plaintiffs' relevancy argument could only apply to the confidentiality provisions found in the NDA.

After considering the relevant briefs, and for the reasons provided in the defendant's memorandum (doc. 101) in opposition, the Court excludes the expert testimony of Ken Sobel, Melody Matthews, Timothy Snail, George Love, and Phillip Dristas, as this Court finds that their testimony is not relevant to the remaining issues set for trial. While the plaintiffs refer to the "overall deal negotiated by the parties, as outlined in the Term Sheet," the Court has ruled that no such deal ever existed. As this Court previously found, the term sheet did not constitute a deal, contract, or otherwise. Rather, it was a completely non-binding document, used for discussion purposes **only**. To find that the "specific performance" requirement in the Non-Disclosure Agreement would enforce an agreement that this Court previously found did not exist, and thereby assess damages for lost profits, would be nonsensical. The NDA's specific performance requirement refers to specific performance of the NDA itself, and not to any "overall deal negotiated by the parties, as outlined in the Term Sheet." Therefore, any expert testimony as to the profits that would have resulted if the parties consummated their business relationship is irrelevant to assessing damages resulting from the defendant's alleged breach of the NDA confidentiality provision.

The plaintiffs also cite to *Multimatic, Inc. v. Faurecia Interior Systems USA, Inc.*, as an analogous case that "reflects light on the case *sub judice*." (Doc. 105, p. 7). *See also* 358 Fed. Appx. 643 (6th Cir. 2009). However, that case is distinguishable from the one at hand. In *Multimatic*, the Sixth Circuit ruled that the jury could find that the "parties contemplated lost-production profits for breaching the confidentiality agreement" at issue in the case. 358 Fed. Appx. at 650. The Sixth Circuit held that "[t]he jury . . . had a sound basis for concluding that [the defendant] would have selected Multimatic as its supplier absent a breach of the confidentiality agreement," because "[t]he evidence showed that [the defendant] had little choice . . . but to agree to Multimatic's terms." *Id.* at 651. However, the present case does not fall into that unique and rare set of circumstances. Rather, the present case falls within the general rule that the Sixth Circuit outlined in its *Multimatic* ruling: "No doubt, unaccepted offers and preliminary negotiations generally do not establish the basis for a damages award. And no doubt, in a mine-run case, this rule makes sense because it approaches conjecture, if not enters that forbidden territory, to assume that both parties would agree to one party's quote or even that both parties would reach a final agreement." *Id.* (internal citations omitted).

Therefore, the Court (1) **GRANTS** the Motion [doc. 64] in Limine to Exclude Plaintiffs' Expert Ken Sobel; (2) **GRANTS** the Motion [doc. 65] in Limine to Exclude Plaintiffs' Expert Melody Matthews; and (3) **GRANTS** the Motion [doc. 68] in Limine to Exclude the Opinion of Defendant's Experts. Additionally, the Clerk of Court's office shall terminate Document 66, as it is duplicative of Document 68.

Signed in Baton Rouge, Louisiana, on April 23, 2014.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

3