UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MEDECOR PHARMA LLC, and
BRADLEY SANDERS

VERSUS

FLEMING PHARMACEUTICALS,
INC.

CIVIL ACTION

NO. 12-291-JJB-RLB

**RULING**

This matter is before the Court on the following motions: (1) Defendant's Motion [rec. doc. 107] for Reconsideration; (2) Defendant's Motion [rec. doc. 108] in Limine to Exclude Evidence Regarding Plaintiffs' Dismissed Claim; (3) Defendant's Motion [rec. doc. 109] in Limine to Exclude Any Undisclosed Damages Claims; (4) Defendant's Motion [rec. doc. 110] in Limine to Exclude Argument that the Term Sheet was Covered by the Non-Disclosure Agreement; and (5) Plaintiffs' [rec. doc. 111] Motion in Limine. All motions are opposed. Rec. docs. 113–117. Jurisdiction is based on 28 U.S.C. § 1332. Oral argument is not necessary.

1. <u>Defendant's Motion for Reconsideration (Rec. Doc. 107)</u>

For a second time, the defendant asks this Court to reconsider its prior ruling denying the defendant's motion for summary judgment on the plaintiffs' breach of confidentiality agreement claims. The main argument proffered by the defendant is that this Court excluded any evidence regarding an alleged $100 million of lost profits, and as a result, the plaintiffs have failed to put forth any evidence showing damages sustained from a breach of the confidentiality provisions. Nevertheless, based on this Court's review, and regardless of whether Louisiana or Missouri law applies, the plaintiffs are potentially entitled to nominal damages if they are able to prove a technical breach of contract. *See G & J Holdings, LLC v. SM Properties, LP*, 391 S.W. 3d 895, 903 (Mo. Ct. App. 2013) (citing *Glenn v. HealthLink HMO, Inc.*, 360 S.W.3d 866, 872 (Mo.

1

App. E.D. 2012)); *In re Stewart*, 391 B.R. 327, 356 (Bankr. E.D. La. 2008) ("In cases where there are no intentional breaches of contract and no actual damages are proven, Louisiana courts have allowed for the recovery of nominal damages for technical breach of a contract."). Accordingly, the defendant failed to present a substantial basis for reconsideration, and thus, the Court must against deny its request for reconsideration.

2. Defendant's Motion in Limine to Exclude Evidence Regarding Plaintiffs' Dismissed Claim (Rec. Doc. 108)

In this motion, the defendant seeks to bar all evidence related solely to the plaintiffs' previously-dismissed claim that the term sheet was a binding licensing and manufacturing contract. The Court finds that all evidence related *solely* to this dismissed claim is barred as it is irrelevant for purposes of the trial on the remaining issues. Nevertheless, this does not prohibit the introduction of evidence that, while connected to this previously-dismissed claim, is relevant to the remaining issues for trial—breach of the confidentiality agreements. With regards to specific testimony, the Court defers ruling on the admissibility of such evidence until the trial on the merits, at which point the Court can better assess the admissibility of such evidence.

3. Defendant's Motion in Limine to Exclude Any Undisclosed Damages Claims (Rec. Doc. 109)

Through this motion in limine, the defendant seeks to exclude "[a]ny damages claims or evidence that have not yet been disclosed in this case." Rec. doc. 109-1, p. 1. The defendant argues that the "[p]laintiffs did not disclose any damages beyond the lost profits forecast," and thus, "no claim for any other type of damages should be permitted." Based on review, the Court finds the motion lacks merits and denies it accordingly.

4. <u>Defendant's Motion in Limine to Exclude Argument that the Term Sheet was Covered by the Non-Disclosure Agreement (Rec. Doc. 110)</u>

Additionally, through a separate motion in limine, the defendant seeks to exclude any argument that the Summary of Principal Terms document was covered by the Non-Disclosure Agreement. The Court defers ruling on this motion until the trial on the merits.

5. <u>Plaintiffs' Motion in Limine (Rec. Doc. 111)</u>

In their motion in limine, the plaintiffs seek to exclude: (1) evidence or comments solely related to the plaintiffs' breach of contract claim that was dismissed on summary judgment, (2) evidence or testimony concerning Bradley Sanders' text messages to Jim Tempesta, and (3) evidence or testimony concerning Bradley Sanders' call to Fleming's co-owner and Chief Administrative Officer Deborah Wurdack. The plaintiffs seek to exclude each item pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. At this time, the Court finds that this evidence is not relevant to the remaining issues set for trial, as the items have no tendency to make more or less probable a fact of consequence. *See* Fed. R. Evid. 401. Accordingly, the Court will bar admission of the following evidence: (1) evidence or comments related *solely* to the plaintiffs' breach of contract claim that was dismissed on summary judgment, (2) evidence or testimony concerning Bradley Sanders' text messages to Jim Tempesta, and (3) evidence or testimony concerning Bradley Sanders' call to Fleming's co-owner and Chief Administrative Officer Deborah Wurdack.

## Conclusion

Accordingly, for the reasons provided herein, the Court: (1) **DENIES** the Defendant's Motion [rec. doc. 107] for Reconsideration; (2) **GRANTS IN PART** the Defendant's Motion [rec. doc. 108] in Limine to Exclude Evidence Regarding Plaintiffs' Dismissed Claim; (3)

**DENIES** the Defendant's Motion [rec. doc. 109] in Limine to Exclude Any Undisclosed Damages Claims; and (4) **GRANTS** the Plaintiffs' Motion [rec. doc. 111] in Limine. Furthermore, the Court defers ruling on the Defendant's Motion (rec. doc. 110) in Limine to Exclude Argument that the Term Sheet was Covered by the Non-Disclosure Agreement until the trial on the merits.

Signed in Baton Rouge, Louisiana, on August 6, 2014.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**